# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MATTHEW WISHENGRAD,**

    **Plaintiff,**

**v.**                                                       Case No: 6:16-cv-405-Orl-22KRS

**PINEAPPLE POINT OF COCOA BEACH, INC., and MICHAEL HARDICK,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 26)**
>
> **FILED:**     **March 31, 2017**

### I. BACKGROUND.

Plaintiff Matthew Wishengrad filed a complaint against Defendants Pineapple Point of Cocoa Beach, Inc. and Michael Hardick on March 9, 2016. Doc. No. 1. In his Complaint, Plaintiff alleges that Defendant failed to pay him overtime wages and minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

Defendants answered the Complaint on April 11, 2016. Doc. No. 9. The parties subsequently settled the case and filed the instant motion, requesting that the Court approve the

settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 26. The matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

**III.   ANALYSIS.**

*A.   Whether Plaintiff Has Compromised His Claims.*

Under the Settlement Agreement and Release of Claims, Defendants will pay Plaintiff a total of $5,000.00—$1,000.00 to Plaintiff for alleged unpaid wages and $4,000.00 to Plaintiff's attorney. Doc. No. 26-1, at 4, ¶ 3.

In his answers to the Court's FLSA Interrogatories, Plaintiff estimated that he was entitled to $10,800 in unpaid wages. Doc. No. 15, at 2. Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

*B.   Whether the Amount Is Fair and Reasonable.*

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.

The parties agree that this action involves disputed issues, including (1) whether Plaintiff was subject to the FLSA; (2) whether a FLSA exemption applied to Plaintiff; (3) the number of overtime hours Plaintiff worked without proper pay, if any; (4) whether a two or three-year statute of limitations applies to Plaintiff's claims; and (5) whether liquidated damages are warranted in this case. Doc. No. 26, at 3. These factual disputes explain the parties' compromise, and they believe the settlement is fair, given the disputed issues, risks, time requirements, and unknown case duration. I therefore recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

> C. *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised his FLSA claim, the Court must consider whether the payment to his attorney is reasonable, to ensure that the fees and costs to be paid to his attorney did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $4,000.00. Doc. No. 26-1, at 4 ¶3. Counsel for both parties represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount paid to Plaintiff. Doc. No. 26, at 3-4. In the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of her FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

> D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, the release applies only to claims related to the payment of wages during Plaintiff's employment with Defendants.[2] Doc. No. 26-1, at 3 ¶ 2. While some Judges have found similar releases to be overbroad if they are not limited only to the claims asserted in the FLSA case, other Judges have

---

[2] Arguably the release would include claims brought under the Equal Pay Act or other statutes forbidding discriminatory pay in employment.

- 4 -

found that releases limited to wage claims generally are reasonable. *Compare Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015)(finding unreasonable release of wage claims under the Florida Minimum Wage Act and the Florida Constitution when complaint raised only overtime compensation claim under the FLSA) *with Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015)(finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act). Accordingly, if the Court finds that the release is overly broad, I recommend that the Court deny the motion because the Settlement Agreement provides that the release is not severable. Doc. No. 26-1, at 5 ¶ 8. If the Court finds, however, that the release is appropriately limited to wage claims, then the Court may conclude that the release does not undermine the reasonableness of the settlement.

  *E. Whether the Ability to Modify the Settlement Agreement Undermines Its Fairness or Reasonableness.*

  Finally, I note that paragraph 16 of the settlement agreement states, "This Agreement may not be modified, altered, or changed *except upon express written consent of all Parties* wherein specific reference is made to this Agreement." Doc. No. 26-1, at 8 ¶ 16 (emphasis added). Ordinarily, this might provide grounds to disapprove the settlement agreement, as a court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement.

  In this case, however, the parties have also included in the settlement agreement a severability clause, which provides, "[s]hould any provisions of the Agreement (other than the

Release of Claims provision) be determined to be invalid by a court of competent jurisdiction, the Parties agree that this shall not affect the enforceability of the other provisions of the Agreement." *Id.* at 5 ¶ 8. Accordingly, I recommend that the Court sever the amendment provision from the settlement agreement if it otherwise finds that the settlement is fair and reasonable.

### IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following if it finds that the release of claims does not undermine the fairness of the settlement:

1. **GRANT in part** the Joint Motion for Approval of Settlement (Doc. No. 26);

2. **SEVER** the second sentence of paragraph 16 of the Settlement Agreement and Release of Claims[3];

3. **FIND** that the parties' Settlement Agreement and Release of Claims (Doc. No. 26-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that the release of claims undermines the fairness of the settlement, I recommend that the Court **DENY** the Joint Motion for Approval of Settlement (Doc. No. 26).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[3] This sentence reads as follows: "This Agreement may not be modified, altered, or changed except upon express written consent of all Parties wherein specific reference is made to this Agreement." Doc. No. 26-1, at 8.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on April 28, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record